NO. 07-07-0262-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 8, 2008

_____

NATHAN HURD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;

NO. 06-09-6274; HONORABLE HAROLD PHELAN, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, Appellant, Nathan Hurd, was convicted by a jury of aggravated assault with an affirmative finding on use of a deadly weapon. Punishment was assessed at two years confinement. Appellant presents a two-pronged issue complaining that the trial judge committed fundamental error, which did not require an objection to preserve error, by his comments to the venire panel during voir dire that, "[t]he

Defendant is not here, is our main problem right now. Got any volunteers wants [sic] to stand in? No volunteers." We affirm.

## State's Failure to File Appellate Brief

Appellant's brief was filed on November 9, 2007. After an extension of time was granted, the State's brief was due on or before January 9, 2008. Notwithstanding the extension, the State did not favor this Court with a brief. Rule 38.8(b) of the Texas Rules of Appellate Procedure expressly guides this Court as to what to do if an appellant fails to file a brief; however, there is no corresponding rule to guide us when the State fails to file a brief in response to an appellant's brief. Whenever the State fails to file a brief, an appellate court should conduct an independent analysis of the merits of the appellant's claim of error, limited to the arguments raised at trial by the State, to determine if there was error. *See Little v. State*, 246 S.W.3d 391, 398 (Tex.App.–Amarillo 2008, no pet.) (citing *Siverand v. State*, 89 S.W.3d 216, 220 (Tex.App.–Corpus Christi 2002, no pet.)). The decision to independently review the merits of Appellant's contentions should not be construed as approval of the State's dereliction of its responsibility to file a brief. The State's failure to file a brief, in this or any other action, makes the job of this Court considerably more time consuming and difficult.

**Trial Judge's Comments**

Without Appellant being present, the clerk of the trial court called the roll of prospective jurors and the trial judge administered their oath. The judge then instructed the venire panel on qualifications to serve as a juror and exemptions that could be claimed. After excusing prospective jurors but before seating a jury, defense counsel stepped out to make a phone call. The judge then commented:

> Well, we are going to stand by just a minute. The Defendant is not here, is our main problem right now. Got any volunteers wants [sic] to stand in? No volunteers.

After a brief recess, Appellant was present and the proceedings commenced.

Appellant maintains the trial court's comments bear on the presumption of innocence or vitiate the impartiality of the jury. *See Jasper v. State*, 61 S.W.3d 413, 421 (Tex.Crim.App. 2001). We disagree. In a plurality opinion, the Court of Criminal Appeals held that a trial judge's comments, "which tainted [the defendant's] presumption of innocence in front of the venire, were fundamental error of constitutional dimension and required no objection." *See Blue v. State*, 41 S.W.3d 129, 132 (Tex.Crim.App. 2000).

We first address Appellant's contention that no objection was necessary to preserve his complaint.[1] We may review fundamental error without an objection. *See* Tex. R. Evid.

---

[1] It is unclear from the record whether defense counsel had returned from making his phone call at the time the comments were made in order to make an objection.

3

103(d); *Jasper v. State*, 61 S.W.3d 413, 420 (Tex.Crim.App. 2001). In concluding that comments did not bear on the defendant's presumption of innocence, the Court in *Jasper* avoided the issue of whether an objection was necessary to preserve error. *Id.* at 421. In *Gordon v. State*, 191 S.W.3d 721, 726 (Tex.App.–Houston [14th Dist.] 2006, no pet.), the court made an interesting observation that if a trial judge's "comments impermissibly tread on a defendant's presumption of innocence," then no objection is necessary and there is error. It follows that if the comments do not bear on the defendant's presumption of innocence, then there is no error regardless of whether an objection was made. *Id.* With this observation in mind, we find it unnecessary to decide whether an objection was necessary to preserve Appellant's complaint.

Article 38.05 of the Texas Code of Criminal Procedure provides in part that a trial judge shall not "at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case. *See* Tex. Code Crim. Proc. Ann. art. 38.05 (Vernon 1979). *See also* Simmons v. State, 55 Tex. Crim. 441, 117 S.W. 141, 143 (1909). The trial judge's comments did not convey his opinion or impression about Appellant's case to the jury. They did not impart to the jury any information intended to taint the presumption of innocence or vitiate the impartiality of the jury. We conclude that the comments, although ill-advised, did not rise to the level of the comments requiring reversal as in *Blue*, 41 S.W.3d at 132 (judge's comments that imparted to jury that the defendant had seriously considered entering into a plea agreement tainted the presumption of innocence). Appellant's issue is overruled.

Accordingly, the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.